UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MICHAEL D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 21-008-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCES CATRON CADLE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Smith is a former federal prisoner, now residing in Lancaster, Kentucky. Proceeding without a lawyer, Smith recently filed a civil rights Complaint in which he names as defendants numerous officials and entities allegedly involved in his underlying federal criminal conviction. [Record No. 1] The undersigned has fully reviewed Smith's pleading and will dismiss it as baseless.

In 2008, a federal grand jury in this district charged Smith and other defendants with multiple criminal offenses for their role in a scheme to defraud investors in oil and gas leases. *See United States v. Smith*, Criminal Action No. 3: 08-031-JMH (E.D. Ky. 2008). At the conclusion of a four-week trial, a jury found Smith guilty of numerous counts, and another Judge in this district sentenced him to 120 months in prison. *See id.* at Record No. 669. Smith appealed his conviction and sentence. However, the United States Court of Appeals for the Sixth Circuit affirmed the judgment. *See United States v. Smith*, 749 F.3d 465 (6th Cir. 2014). The United States Supreme Court then denied Smith's petition for issuance of a writ of certiorari. *See Smith*, Criminal Action No. 3: 08-031-JMH at Record No. 878.

-1-

Smith then filed several *pro se* motions, including a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See id.* at Record No. 920. He argued, among other things, that the government had failed to secure an indictment from the grand jury and that he received ineffective assistance of counsel. *See id.* The district court rejected Smith's claims and denied his motion. Thereafter, the Sixth Circuit denied his application for a Certificate of Appealability. *See id.* at Record Nos. 962, 967, 968, 980. Smith then requested permission to file a second or successive § 2255 motion, but the Sixth Circuit denied that motion as well. *See id.* at Record No. 983.

Smith kept filing numerous *pro se* submissions in his criminal case. For example, he filed one motion in which he referenced a YouTube video, claimed that the Eastern District of Kentucky is "the most corrupt district" in the country, and said that his case "illustrates one of the worst cases of government abuse, cruelty, deceit, and treachery targeting one family to destroy them in order to obtain their small but growing oil business." *Id.* at Record No. 991. Smith also called his indictment "mysterious," alleged multiple instances of prosecutorial and judicial misconduct, and suggested that he was innocent of his crimes of conviction. *Id.* The district transferred Smith's motion to the Sixth Circuit as a request for authorization to file a successive § 2255 motion but the Sixth Circuit promptly denied it. *See id.* at Record No. 996. Smith then filed another similar motion, but the Sixth Circuit denied that as well. *See id.* at Record No. 1027.

And while Smith was filing *pro se* submissions in his criminal case (albeit to no avail), he was also initiating wholly separate civil actions with this Court. Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argued, among other things, that he was "falsely convicted and imprisoned" because the grand jury that indicted him did not actually return a true bill. *See Smith v. Streeval*, Civil Action No. 0: 19-022-HRW, at Record No. 1 (E.D. Ky. 2019). The Court, however, denied Smith's petition because his claims could not be properly

pursued under § 2241. *See id.* at Record No. 4. Smith did not appeal that decision. Instead, he filed yet another § 2241 petition with this Court. *See Smith v. Zantout*, Civil Action No. 0: 20-009-DLB (E.D. Ky. 2020).

In his second § 2241 petition, Smith again attempted to collaterally attack his underlying convictions and sentence, reasserting many of the same claims. *See id.* at Record No. 1. He argues, *inter alia*, that the grand jury that indicted him did not actually return a true bill, his trial involved "so much misinformation + lies," and his case "has and is all fraud on the Court." *Id.* at 3-5. This petition was denied as another impermissible collateral attack on his convictions and sentence. *See id.* at Record Nos. 4, 5. Although Smith appealed that determination, he later moved to voluntarily dismiss the appeal. The Sixth Circuit granted his request. *See id.* at Record No. 16.

Smith then served the remainder of his sentence and was released from federal prison. Notwithstanding the foregoing, Smith has now initiated yet another civil action with this Court. This time, he has filed a *pro se* civil rights Complaint in which he names at least sixteen different defendants, including those officials and entities allegedly involved in his criminal case. [Record No. 1] Smith names as defendants the former United States Attorney for the Eastern District of Kentucky, multiple federal prosecutors and law enforcement officials, the federal judge that presided over his criminal case, a former federal magistrate judge, the Kentucky Department of Financial Institutions, the United States Department of Justice, the United States Postal Service, and many others. [*Id.*]

Smith asserts in his Complaint that various defendants "used deception [and] fraud on the court to create a crime that never existed" and held "a trial after the Grand Jury heard all the evidence and decided to return NO TRUE BILL, no indictment" because "it saw no crime . . ." [*Id.* at 1]. He then alleges that "everything and everyone who touched this case after the Grand

-3-

Jury refused to indict committed a crime" because "the court had no Jurisdiction." [*Id.* at 1-2]. Smith claims this was a violation of, among other things, "UN World Law" and the U.S. Constitution's Bill of Rights because the Court held a "trial without a crime." [*Id.* at 2].

Smith also contends that "[o]thers during the trial and appeals process used deception and lies to cover everything up to make sure an innocent person was kept in prison rather than have federal agents to be caught in their wrong doing." [*Id.*]. Then, over the course of 15 pages, he alleges multiple instances of prosecutorial and judicial misconduct during the course of his criminal case [*see id.* at 1-15]. At one point, he states that "I have people wanting to make a movie about all they have done to me, he said I will be paid well. I am sure Russia, China and North Korea will be glad to talk to our leaders after seeing this movie, laughing about your hypocrisy." [*Id.* at 14] Finally, Smith quotes Presidents Theodore Roosevelt and Abraham Lincoln and indicates that he is seeking at least $360 million in damages and a "jury trial on all issues." [*Id.* at 14-15]

As an initial matter, the Court recognizes that Smith is no longer a federal prisoner, and has paid the applicable filing and administrative fees in this case. Therefore, this Court does not formally screen his Complaint pursuant to 28 U.S.C. §§ 1915A or 1915(e)(2). However, this Court "may, at any time dismiss a Complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. More specifically, dismissal under this rule is appropriate when the allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In the context of his extensive litigation history, Smith present claims that are not arguably plausible. At bottom, he has repeatedly attempted to attack his underlying conviction and sentence

through numerous filings with this Court, the Sixth Circuit, and the United States Supreme Court, but to no avail. And it is clear that his present allegations are nothing more than a repackaged, collateral attempt to litigate issues that are simply no longer open to discussion. Thus, Smith's Complaint is subject to summary dismissal for lack of subject matter jurisdiction.

Finally, it is also worth noting that Smith's claims are obviously not cognizable in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court made it clear that, to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first establish that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted); *see also Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998) (*Heck*'s holding applies to actions brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)). In other words, a plaintiff cannot bring a civil rights case that would necessarily challenge the validity of an underlying conviction or sentence unless that conviction or sentence has been overturned or invalidated.

Here, Smith's allegations against the defendants would call into question the validity of his convictions and sentence, if substantiated. However, Smith's convictions have not been overturned or invalidated, as required for him to proceed. Accordingly, it is hereby

**ORDERD** as follows:

1. Smith's Complaint [Record No. 1] is **DISMISSED** with prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: March 2, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky